IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 13-50126 |
| | § | |
| SERVICE STOP, LP, | § | CHAPTER 11 |
| | § | |
| DEBTOR. | § | |

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY. THERE WILL BE A HEARING ON THIS MATTER ON DECEMBER 13, 2013, AT 10:30 A.M. BEFORE THE UNITED STATES BANKRUPTCY JUDGE AT THE UNITED STATES BANKRUPTCY COURT LOCATED AT U.S. Courthouse, 1300 Victoria Street, LAREDO, TEXAS 78040.**

Commerce Bank ("Commerce"), a secured creditor and party-in-interest in the above-referenced bankruptcy case, files this Motion for Relief from the Automatic Stay (the "Motion") pursuant to 11 U.S.C. § 362(d) and Rule 4001 of the Federal Rules of Bankruptcy Procedure, and in support would show the Court as follows:

### Jurisdiction and Venue

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### Procedural Background

2.  On July 1, 2013 (the "Petition Date"), Service Stop, LP ("Service Stop" or "Debtor"), filed a voluntary petition (the "Bankruptcy Petition") for relief under chapter 11

4957543.1

of title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), which initiated the above-referenced case (the "Bankruptcy Case").

3. To date, Debtor has not filed its proposed plan or disclosure statement. In addition, Debtor has not filed any monthly operating reports. Debtor has not filed any motion seeking authority from the Court to use cash collateral.

## FACTUAL BACKGROUND

### I. Note No. 1 and Deed of Trust No. 1

4. On June 23, 2005, Debtor, by and through its General Partner, Stop Managers II, LLC, by and through its manager, Patricia Jacaman, executed a real estate lien note ("Note No. 1") in the original principal amount of $220,000.00, payable to Commerce.

5. Note No. 1 was secured by a Deed of Trust, Assignment of Rents, Security Agreement and Financing Statement, wherein the Debtor's principal, Patricia Jacaman ("Ms. Jacaman"), granted Commerce a lien securing Debtor's obligations to Commerce in the following real property, the same being three unimproved lots:

> The surface estate only in and to Lots Numbered Ten (10), Eleven (11), and Twelve (12), Block Number Thirty (30), Vista Hermosa Subdivision, Unit II, City of Laredo, Webb County, Texas, according to Plat thereof recorded in Volume 3, Page 28-A, Webb County Plat Records

("Property No. 1").

6. Note No. 1, as modified, renewed and extended provided for six monthly interest only payments and, beginning November 30, 2012, 40 consecutive monthly payments of $1,500.00, with one final payment for all unpaid principal and all unpaid accrued interest on or before September 30, 2015, the maturity date.

7. As of the Petition Date, the total amount due and owing from Debtor to Commerce on Note No. 1 was approximately $212,072.92, together with accrued interest, costs, fees, and other expenses, as authorized by the loan documents and as allowed by law. Commerce filed a secured claim in the amount of $212,072.92 (Claim No. 4).

8. Upon information and belief, Ms. Jacaman (not the Debtor) currently owns Property No. 1, and Ms. Jacaman was the owner of Property No. 1 prior to and on the Petition Date.

9. The Debtor is in default for non-payment of Note No. 1. Specifically, the Debtor has not made a payment on Note No. 1 since prior to December 2012.

10. The loan documents provide that Property No. 1 secures payment of any and all attorneys' fees and other costs incurred by Commerce in connection with a default under the terms of the loan documents. Commerce has been forced to incur additional costs and attorneys' fees to protect its interest in Property No. 1.

11. The Debtor has not offered to make adequate protection payments to Commerce on Note No. 1. The Debtor's failure to make payments to Commerce constitutes cause that entitles Commerce to relief from the automatic stay under § 362(d)(1). Furthermore, the Debtor cannot demonstrate that Commerce's interest in Property No. 1 is adequately protected, as required by the Bankruptcy Code, when no payments are being made to Commerce whatsoever and interest continues to accrue on Note No. 1.

12. Although Property No. 1 is owned by Ms. Jacaman, it secures Note No. 1 and payment obligations of the Debtor. Thus, Commerce requests that this Court lift the

automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and/or 362(d)(2) to permit Commerce to exercise its rights under state law and under Note No. 1 and Deed of Trust No. 1 to foreclose its interests in Property No. 1. Alternatively, in the event this Court finds that the stay should not be lifted, Commerce requests the Court enter such orders as may be appropriate to adequately protect Commerce's interests, as required by 11 U.S.C. § 363(e), including, but not limited to, a direction to the Debtor to make monthly adequate protection payments to Commerce.

## II. Note No. 2 and Deed of Trust No. 2

13. On February 20, 2004, Debtor, by and through its General Partner, Stop Managers II, LLC, by and through its manager, Patricia Jacaman, executed a real estate lien note ("Note No. 2") in the original principal amount $3,400,000.00, payable to Commerce.

14. Note No. 2 was secured by a Deed of Trust, Assignment of Rents, Security Agreement and Financing Statement, wherein the Debtor granted Commerce a lien securing its obligations to Commerce in the following real property, the same being an operating convenience store and service station:

> Situated in Webb County, Texas, and being the Surface Only of Lot Number Six (6), in Block Number Three (3), Jacaman Ranch Subdivision, Unit 6, Jacaman Commercial Park, a subdivision situated in the City of Laredo, as per Plat recorded in Volume 21, Pages 82-83, Webb County Plat Records

("Property No. 2").

15. Note No. 2, as modified, renewed and extended provided for eight monthly interest only payments and, beginning September 30, 2013, regular consecutive monthly payments of $16,500.00, with one final payment for all unpaid principal and all unpaid accrued interest on or before December 30, 2015, the maturity date.

16. As of the Petition Date, the total amount due and owing from Debtor to Commerce on Note No. 2 was approximately $2,357,661.95, together with accrued interest, costs, fees, and other expenses, as authorized by the loan documents and as allowed by law. Commerce filed a secured claim in the amount $2,357,661.95 (Claim No. 5).

17. The Debtor is in default for non-payment of Note No. 2. Specifically, the Debtor has not made a payment on Note No. 2 since prior to December 2012.

18. The loan documents provide that Property No. 2 secures payment of any and all attorneys' fees and other costs incurred by Commerce in connection with the default under the terms of the loan documents. Commerce has been forced to incur additional costs and attorneys' fees to protect its interest in Property No. 2.

19. Debtor, in Deed of Trust No. 2, also granted Commerce an assignment of "[a]ll of the rents, royalties, bonuses, issues, contracts for deed, proceeds, profits, revenue, income and any other benefit derived from the real property and improvements thereto. . . ." Upon information and belief, Service Stop has continued to operate since the Petition Date. Despite the assignment of rents and income to Commerce in Deed of Trust No. 2, Service Stop has not sought authority from the Court for the use of its cash collateral or offered Commerce adequate protection for such use. The Debtor's unauthorized use of Commerce's cash collateral and failure to make payments to Commerce constitutes cause that entitles Commerce to relief from the automatic stay under § 362(d)(1). Furthermore, the Debtor cannot demonstrate that Commerce's interest in Property No. 2 is adequately protected, as required by the Bankruptcy Code,

4957543.1

when no payments are being made to Commerce whatsoever and interest continues to accrue on Note No. 2.

20. Commerce requests that this Court lift the automatic stay, pursuant to 11 U.S.C. §§ 362(d)(1) and/or 362(d)(2), to permit Commerce to exercise its rights under state law and under Note No. 2 and Deed of Trust No. 2 to foreclose its interests in Property No. 2. Alternatively, in the event this Court finds that the stay should not be lifted, Commerce requests the Court enter such orders as may be appropriate to adequately protect Commerce's interests, as required by 11 U.S.C. § 363(e), including, but not limited to, a direction to the Debtor to make monthly adequate protection payments to Commerce.

## Argument and Authorities

### A. Cause Exists for the Court to Grant Relief from the Automatic Stay Under Section 362(d)(1)

21. Section 362(d)(1) of the Bankruptcy Code provides that relief from the automatic stay is available for "cause," including when a party's interest in property of the estate is not adequately protected. The Fifth Circuit has stated that "[t]he Bankruptcy Code does not precisely define 'cause' under § 362(d)(1), and in the past we have noted that this lack of definition affords 'flexibility to the bankruptcy courts.'" *Bonneville Power Admin. v. Mirant Corp. (In re Mirant Corp.)*, 440 F.3d 238, 253 (5th Cir. 2006) (citations omitted). Among the types of "cause" that have been cited by bankruptcy courts for granting relief from stay include (1) the continued failure to make monthly payments under loan documents without a sufficient amount of equity in the property, *In re James River Assocs.*, 148 B.R. 790, 797 (E.D. Va. 1992); (2) the failure to maintain adequate insurance coverage, *In re Holly's Inc.*, 140 B.R. 643, 696 (Bankr.

W.D. Mich. 1992); (3) the physical deterioration of the property, *In re Camellia Court Apartments, Ltd.*, 117 B.R. 316, 319 (Bankr. S.D. Ohio 1990); and (4) the failure to pay real estate taxes, *In re Consol. Indus. Corp.*, 234 B.R. 84 (Bankr. N.D. Ind. 1999).

22. The Court should terminate the stay pursuant to section 362(d)(1) and allow Commerce to foreclose its interests in Property No. 1 and Property No. 2 (collectively, the "Properties"). In this case, "cause" exists because Debtor, as set forth above, has not made a payment on Note No. 1 or Note No. 2 since prior to December 2012.

23. As for Property No. 1, the Debtor does not have the ability to make adequate protection payments to Commerce because Debtor cannot generate income from the vacant lots. Any income generated from Property No. 2 would be insufficient to cover the debt to Commerce on both Note No. 1 and Note No. 2.

24. Cause exists for relief from the stay because the Debtor has continued to use Commerce's cash collateral, without approval from the Court. Cause also exists under § 362(d)(1) because Commerce's security interest in the Properties is diminishing, as the interest and fees continue to accrue without any payment to principal or interest by the Debtor. Adequate protection for Commerce is nonexistent, and the automatic stay should be modified under Section 362(d)(1) of the Bankruptcy Code to allow Commerce to foreclose on the Properties. *See In re Lane*, 108 B.R. 6, 8–9 (D. Mass. 1989); *see also In re Smithfield Estates, Inc.*, 48 B.R. 910, 915 (D.R.I. 1985).

25. Bankruptcy courts have also found that "cause" exists to terminate the automatic stay where the debtor lacked "good faith" in filing a bankruptcy case. *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1071–73 (5th Cir. 1986); *In re Sentry Park, Ltd.*,

87 B.R. at 427–32; *In re Fry Road Assocs., Ltd.*, 66 B.R. 602, 605–07 (Bankr. W.D. Tex. 1986). In *Little Creek*, the Fifth Circuit wrote, "[f]indings of lack of good faith in proceedings based on §§ 362(d) or 1112(b) have been predicated on certain recurring but non-exclusive patterns, and they are based on a conglomerate of factors rather than on any single datum." *Id.* Several, but not all, of the following factors usually exist where a lack of good faith is present. *Id.*

- "The debtor has one asset, such as a tract of undeveloped . . . real property." *Id.* at 1073.

- "The secured creditor's liens encumber this tract." *Id.*

- "There are generally no employees except for the principals, little or no cash flow, and no available sources of income to sustain a plan of reorganization or to make adequate protection payments." *Id.*

- There are few, if any, unsecured creditors whose claims are relatively small. *Id.*

- The property has been posted for foreclosure because of arrearages on the debt and the debtor has been unsuccessful in defending against the foreclosure in state court. *Id.*

- Bankruptcy offers the only possibility of forestalling loss of the property. *Id.*

Where several of the *Little Creek* factors are present, "Resort to the protection of the bankruptcy laws is not proper . . . because there is no hope of rehabilitation, except according to the debtor's 'terminal euphoria.'" *Id.*

26. The Court should terminate the stay based on Debtor's lack of "good faith" in filing this bankruptcy case. In this case, Debtor meets several of the factors set forth in *Little Creek*. The Debtor has only two assets, one of which is a vacant, undeveloped tract. Commerce's liens encumber the Properties, and Debtor filed this Bankruptcy

4957543.1

Case to forestall Commerce's scheduled foreclosure sale. Bankruptcy was the Debtor's only hope of forestalling the loss of the Properties.

27. Upon information and belief, Debtor has no real sources of income to sustain a plan of reorganization or to make adequate protection payments. Debtor has failed to file its monthly operating reports, which indicates it is concealing the fact that it has no cash to sustain itself or offer adequate protection to Commerce. Also, according to Debtor's Schedule "F," there is only one unsecured creditor (which is Commerce for an overdraft in one of the Debtor's checking accounts with Commerce). In fact, the only creditors at all are Commerce and the taxing authorities for personal and property taxes related to the Properties. In essence, this "two-party dispute" should not be in bankruptcy court but rather in a state forum.

28. There is sufficient evidence of bad faith to grant Commerce relief from the stay under 11 U.S.C. § 362(d)(1). Commerce would show that the totality of the circumstances demonstrates bad faith, and Commerce is therefore entitled to relief from the stay for cause.

## B. Cause Exists for the Court to Grant Relief from the Automatic Stay Under Section 362(d)(2)

29. The Court should terminate the automatic stay under § 362(d)(2), which requires the movant to demonstrate that the debtor does not have equity in the property and that such property is not necessary to an effective reorganization. Under 11 U.S.C. § 362(d)(2), the secured creditor "bears the burden of proof only on the issue of lack of equity." *In re Anderson Oaks (Phase I) L.P.*, 77 B.R. 108, 110 (Bankr. W.D. Tex. 1987). Pursuant to § 362(g)(2), the party opposing relief from the stay must carry the burden of proof on all other issues. 11 U.S.C. § 362(g)(2).

30. In order to satisfy the burden of demonstrating that there is a likelihood of an effective reorganization, "the debtor must 'show the existence of a reasonable possibility that a successful rehabilitation or a successful liquidation can be accomplished within a reasonable period of time. . . . A reasonable probability cannot be grounded solely on speculation and the Debtor cannot meet its burden of proof through conjecture and speculation.'" *Anderson Oaks*, 77 B.R. at 110 (quoting *In re Playa Development Corp.*, 68 B.R. 549, 555 (Bankr. W.D. Tex. 1986)).

31. In order to determine if the debtor retains any equity in the property, a court must calculate the value of the property and then compare such value against all liens on the property. *Nantucket Investors II v. Cal. Fed. Bank (In re Indian Palms Assocs., Ltd.)*, 61 F.3d 197, 206–08 (3rd Cir. 1995). "All encumbrances are totaled to determine equity whether or not all lienholders have requested relief from the stay." *Id.* at 207 (citing *Nazareth Nat'l Bank & Trust Co. v. Trina-Dee, Inc. (In re Trina-Dee, Inc.)* 26 B.R. 152, 154 (Bankr. E.D. Pa. 1983), *aff'd*, 731 F.2d 170 (3rd Cir. 1984).

32. In this case, Property No. 1 is not owned by the Debtor and, thus, is not property of the estate under 11 U.S.C. § 541. Therefore, the Debtor has no equity in Property No. 1. Aside from having no equity in Property No. 1, Debtor cannot carry its burden in proposing a confirmable plan. First, Debtor cannot show Property No. 1 is necessary to an effective reorganization. Property No. 1 is undeveloped, vacant land with no prospect of being developed in the near future. Without sufficient development, which would require a substantial contribution of capital, Debtor cannot realistically project any future income, and any projection would be based upon fictitious, unrealistic,

10

and speculative assumptions that cannot provide the basis to effectively propose a plan of reorganization.

33. As for Property No. 2, the Debtor lists the value of Property No. 2 at $2,700,000.00. The Webb County Appraisal District values Property No. 2 at $1,379,840.00. As set forth above, the debt to Commerce on Note No. 2 was approximately $2,357,661.95. In addition, property taxes are outstanding on Property No. 2 in the amount of $65,184.22. In fact, the Debtor has not paid taxes on Property No. 2 since prior to 2008.

34. Even if the Court finds that Property No. 2 is necessary for an effective reorganization, the Debtor has not and cannot file a confirmable plan. It has been well over 120 days and the Debtor has not filed any plan, much less a confirmable plan. This delay foretells the remote likelihood of a confirmable plan.

35. Because there is no equity in the Properties and because the Debtor cannot establish that the Properties are necessary to an effective reorganization pursuant to Section 362(d)(2)(B), the stay should be lifted.

## C. The Court Should Waive the Stay under Rule 4001(a)(3)

36. Rule 4001(a)(3) provides that "[a]n order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 4001(a)(3). If this Court determines that termination of the automatic stay is appropriate, the Court should also order that the 14-day period under Rule 4001(a)(3) shall not apply to allow Commerce to take all steps preparatory to foreclosure.

11

## D. In the Alternative, the Debtor must Provide Adequate Protection

37. Although unlikely, if the Court finds that Commerce is not entitled to relief from the automatic stay, the Court, under Section 363(e) of the Bankruptcy Code, should require the Debtor to provide adequate protection of Commerce's interests in the Properties.

38. Because there is no equity in the Properties and because Commerce's security interest in the Properties is diminishing, as the interest and fees continue to accrue without any payment to principal or interest by the Debtor, Commerce is entitled to adequate protection.

39. If this Court finds that the automatic stay should remain in effect as to Commerce, Commerce requests the Court to grant Commerce adequate protection by requiring the Debtor to make monthly adequate protection payments to Commerce in an amount sufficient to protect Commerce.

WHEREFORE, Commerce Bank respectfully requests that the Court enter an Order (1) granting this Motion; (2) terminating the automatic stay to permit Commerce to foreclose its liens and security interests on the Properties pursuant to Section 362(d)(1) and/or Section 362(d)(2) and providing that the 14-day stay under Rule 4001(a)(3) of the Federal Rule of Bankruptcy Procedure is inapplicable or, in the alternative, compelling Debtor to provide Commerce with adequate protection pursuant to Section 363(e), including, but not limited to, ordering Debtor to make adequate protection payments to Commerce; and (3) granting Commerce such other and further relief to which Commerce is entitled.

Dated: November 15, 2013.

Respectfully submitted,

COX SMITH MATTHEWS INCORPORATED
1400 North McColl Road, Suite 204
McAllen, Texas 78501
(956) 984-7400 (Telephone)
(956) 984-7499 (Facsimile)

By: /s/ Jeana R. Long
    Diann M. Bartek
    State Bar No. 01838700
    Jeana Long
    State Bar No. 24074611
    Southern District No. 1129085

ATTORNEYS FOR COMMERCE BANK

## Certificate of Compliance with BLR 4001

I certify that on November 8, 2013, Jeana Long, an associate of the firm, contacted counsel for the Debtor in an attempt to reach an agreement regarding the subject of the foregoing motion, but an agreement was not reached. Therefore, the motion is opposed and must be presented to the Court for determination.

*/s/ Jeana R. Long*
Jeana R. Long

## CERTIFICATE OF SERVICE

I certify that on November 15, 2013, a true and correct copy of the foregoing was served by the Court's CM/ECF Noticing System, United States First Class Mail, postage prepaid, or electronic notice, on the following, as well as those referenced on the attached service list.

Service Stop, LP
1519 Laredo St.
Laredo, Texas 78040

Carl Michael Barto
Law Office of Carl M. Barto
817 Guadalupe St.
Laredo, Texas 78040

United States Trustee
P.O. Box 1539
San Antonio, Texas 78295-1539

*/s/ Jeana R. Long*
Jeana R. Long

14

## Service List
## Service Stop, LP
## Case No. 13-50126

Service Stop, LP
1519 Laredo Street
Laredo, TX 78040

U.S. Trustee
c/o Stephen Douglas Statham
606 N. Carancahua, Ste. 1107
Corpus Christi, TX 78401

Carl Michael Barto
Law Office of Carl M. Barto
817 Guadalupe Street
Laredo, TX 78040

City of Laredo
c/o Flores & Saucedo, PLLC
5517 McPherson Rd., Ste. 14
Laredo, TX 78041-6687

Laredo Community College
c/o Kazen, Meurer & Perez
211 Calle Del Norte, Ste. 200
Laredo, TX 78041-9130

United ISD
c/o Guillermo Alarcon
1302 Washington St.
Laredo, TX 78040-4445

Webb County
c/o Castillo, Montemayor & Solis, PC
7718 McPherson Rd., Ste. F-105
Laredo, TX 78045-2815

Freeman & Castillon
c/o Carlos Castillon
6909 Springfield Ave., Ste. 300
Laredo, TX 78041-2326