

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

ENTERED
01/08/2014

| IN RE: | § | CASE NO. 13-50126 |
|---|---|---|
| | § | |
| SERVICE STOP, LP, | § | CHAPTER 11 |
| | § | |
| DEBTOR. | § | |

### AGREED ORDER ON COMMERCE BANK'S MOTION FOR RELIEF FROM STAY
(Docket No. 17)

Came on to be heard Commerce Bank's Motion for Relief from Stay (the "Motion") and Debtor's Response to the Motion in the above-referenced bankruptcy case (the "Bankruptcy Case"). The Parties appeared by and through counsel and announced that they had reached an agreement, the substance of which is set forth below. The Parties have stipulated and agreed as follows:

1. Service Stop, LP ("Service Stop" or the "Debtor") is indebted to Commerce Bank ("Commerce") pursuant to the following:

   (a) Real Estate Lien Note dated June 23, 2005, executed by Service Stop in the original principal amount of $220,000.00, payable to Commerce (as renewed, modified and extended referred to as "Note No. 1").

   (b) Real Estate Lien Note dated February 20, 2004, executed by Service Stop in the original principal amount of $3,400,000.00, payable to Commerce (as renewed, modified and extended referred to as "Note No. 2").

2. Commerce has a valid duly perfected lien on the following real property pursuant to Deed of Trust, Assignment of Rents, Security Agreement and Financing Statement ("Deed of Trust No. 1"), executed by Service Stop's principal, Patricia Jacaman:

   The surface estate only in and to Lots Numbered Ten (10), Eleven (11), and Twelve (12), Block Number Thirty (30), Vista Hermosa Subdivision,

5015753.2

> Unit II, City of Laredo, Webb County, Texas, according to Plat thereof recorded in Volume 3, Page 28-A, Webb County Plat Records,

("Property No. 1").

3. Additionally Commerce has a valid duly perfected lien on the following real property pursuant to Deed of Trust, Assignment of Rents, Security Agreement and Financing Statement ("Deed of Trust No. 2"), executed by Service Stop:

> Situated in Webb County, Texas, and being the Surface Only of Lot Number Six (6), in Block Number Three (3), Jacaman Ranch Subdivision, Unit 6, Jacaman Commercial Park, a subdivision situated in the City of Laredo, as per Plat recorded in Volume 21, Pages 82-83, Webb County Plat Records

("Property No. 2").

4. Without further order from this Court, the automatic stay imposed by 11 U.S.C. § 362 shall immediately lift as to Commerce as to Property No. 1 and Property No. 2 (collectively the "Properties") for the purpose of allowing it to exercise all of its available remedies under applicable bankruptcy and non-bankruptcy law, including without limitation the right to take all steps preliminary to non-judicial foreclosure of the Properties (as required by State law and Deed of Trust No. 1 and Deed of Trust No. 2) and to post the Properties for non-judicial foreclosure sales on February 4, 2014 (collectively the "Foreclosure Sales") or thereafter at Commerce's sole discretion and the right to foreclose its liens and security interests in accordance with Commerce's loan documents and the laws of the State of Texas on February 4, 2014 or thereafter at Commerce's sole discretion, provided, Commerce will not conduct the Foreclosure Sales if Debtor complies with all obligations set forth below and agreed to herein.

5. On December 13, 2013, Debtor remitted payment to Commerce in the amount of $25,000.00 (the "December 13, 2013 Payment"). The December 13, 2013 Payment may be applied at Commerce's discretion.

6. In addition to the December 13, 2013 Payment, Debtor shall remit monthly adequate protection payments to Commerce in the amount of $20,000.00 per month, beginning January 15, 2014 and continuing monthly thereafter (collectively the "Due Dates") until a Chapter 11 Plan is confirmed in the Debtor's Bankruptcy Case (collectively the "Monthly Payments").

7. The Monthly Payments must be made via certified funds to Commerce at 5800 San Dario Avenue, Laredo, Texas  78040, to the attention of Melissa Santiago, on or before 5:00 p.m. on the Due Dates.

8. Debtor will file a feasible Chapter 11 Plan of Reorganization on or before January 15, 2014.

9. On or before December 23, 2013, Debtor will file amended monthly operating reports for the months of August 2013 through November 2013, which will include copies of bank statements and cash balance information and containing all information required in the form promulgated by the United States Trustee for this region ("Complete MOR's").  Thereafter, Debtor will timely file all Complete MOR's.

10. Upon request by Commerce, Debtor will provide any and all financial information requested by Commerce.

11. If Debtor (1) fails to make any of the Monthly Payments on or before 5:00 p.m. on the Due Dates; or (2) fails to file a feasible Chapter 11 Plan on or before January 15, 2014; or (3) fails to amend its monthly operating reports by December 23,

2013; or (4) fails to timely file any future Complete MOR; or (5) fails to provide financial information requested by Commerce (any of which shall constitute a "Default"), the stay imposed by 11 U.S.C. § 362 shall immediately lift as to Commerce as to the Properties for the purpose of allowing it to exercise all of its available remedies under applicable bankruptcy and non-bankruptcy law, including without limitation the right to foreclose its liens and security interests in accordance with its loan documents and the laws of the State of Texas in the Properties on February 4, 2014 or thereafter at Commerce's sole discretion, without notice to the Debtor or a right to cure and without further order of the Court.

12.     Upon Default, neither the Debtor nor Patricia Jacaman shall directly or indirectly conduct any injunctive proceedings in any forum (other than this Bankruptcy Court, with prior notice to counsel of record for Commerce) to prevent Commerce from exercising its available remedies with respect to the Properties, including foreclosure of its security interests in accordance with Deed of Trust No. 1 and Deed of Trust No. 2 and the laws of the State of Texas.

13.     The 14-day stay under Rule 4001(a)(3) of the Federal Rule of Bankruptcy Procedure is waived and inapplicable.

Based upon the foregoing stipulations and agreement of the parties, it is

ORDERED that without further order from this Court, the automatic stay imposed by 11 U.S.C. § 362 shall immediately lift as to Commerce as to the Properties for the purpose of allowing Commerce to exercise all of its available remedies under applicable bankruptcy and non-bankruptcy law, including without limitation the right to take all steps preliminary to non-judicial foreclosure of the Property (as required by

State law and Deed of Trust No. 1 and Deed of Trust No. 2) and to post the Properties for the Foreclosure Sales or for non judicial foreclosure thereafter at Commerce's sole discretion and the right to foreclose its liens and security interests in accordance with Commerce's loan documents and the laws of the State of Texas on February 4, 2014 or thereafter at Commerce's sole discretion, provided, however, that Commerce will not conduct any foreclosure sale of the Properties until Default.

IT IS FURTHER ORDERED that the December 13, 2013 Payment remitted to Commerce by the Debtor may be applied at Commerce's discretion.

IT IS FURTHER ORDERED that Debtor shall remit the Monthly Payments on or before 5:00 p.m., beginning January 15, 2014 and continuing monthly thereafter on the Due Dates until a Chapter 11 Plan is confirmed in the Debtor's Bankruptcy Case.

IT IS FURTHER ORDERED that Debtor shall file a feasible Chapter 11 Plan of Reorganization on or before January 15, 2014.

IT IS FURTHER ORDERED that on or before December 23, 2013, Debtor shall file amended and Complete MOR's for the months of August 2013 through November 2013, which shall include copies of bank statements and cash balance information and thereafter shall timely file all future MOR's.

IT IS FURTHER ORDERED that upon request by Commerce, Debtor shall provide to Commerce any and all financial information requested by Commerce.

IT IS FURTHER ORDERED that upon Default, the stay imposed by 11 U.S.C. § 362 shall immediately lift as to Commerce as to the Properties for the purpose of allowing it to exercise all of its available remedies under applicable bankruptcy and non-bankruptcy law, including without limitation the right to foreclose its liens and

security interests in accordance with its loan documents and the laws of the State of Texas in the Properties on February 4, 2014 or thereafter at Commerce's sole discretion, without notice to the Debtor or a right to cure and without further order of the Court.

IT IS FURTHER ORDERED that upon Default, neither the Debtor nor Patricia Jacaman shall directly or indirectly conduct any injunctive proceedings in any forum (other than this Bankruptcy Court, with prior notice to counsel of record for Commerce) to prevent Commerce from exercising its available remedies with respect to the Properties, including foreclosure of its security interests in accordance with Deed of Trust No. 1 and Deed of Trust No. 2 and the laws of the State of Texas.

IT IS FURTHER ORDERED that any actions or steps taken by Commerce preliminary to non-judicial foreclosure after the date of the lift stay hearing and prior to the date this order is signed are approved and ratified in all respects.

IT IS FURTHER ORDERED that upon Default, Commerce shall file a Notice of Default with the Court.

IT IS FURTHER ORDERED that the 14-day stay provided under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is of no force and effect.

**Signed: January 08, 2014.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

5015753.2

AGREED AS TO FORM AND ENTRY REQUESTED:

COX SMITH MATTHEWS INCORPORATED
1400 North McColl Road, Suite 204
McAllen, Texas  78501
(956) 984-7400 (Telephone)
(956) 984-7499 (Facsimile)

*/s/ Diann M. Bartek*
Diann M. Bartek
State Bar No. 01838700
Southern District No. 8659
Jeana Long
State Bar No. 24074611
Southern District No. 1129085

ATTORNEYS FOR COMMERCE BANK

Law Office of Carl M. Barto
817 Guadalupe Street
Laredo, Texas 78040
Telephone (956) 725-7500
Facsimile (956) 722-6739


*/s/ Carl M. Barto*
Carl M. Barto
State Bar No. 01952100

ATTORNEY FOR DEBTOR

5015753.2