IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SERVICE STOP, LP | § | CASE NUMBER 13-50126-L-11 |
| | § | (Chapter 11) |
| | § | |
| Debtor. | § | David R. Jones |

APPLICATION BY SERVICE STOP, LP
DEBTOR AND DEBTOR-IN-POSSESSION,
FOR AUTHORITY NUNC PRO TUNCTO EMPLOY BANKRUPTCY COUNSEL

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

SERVICE STOP, LP, Debtor files this Application (the "Application") to Approve Retention, nunc pro tunc, of Carl M. Barto as Bankruptcy Counsel to the Debtor. In support of the Application, the Debtor respectfully represent as follows:

JURISDICTION

1.      This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§157 and

1334. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A). Venue is

proper in this district pursuant to 28 U.S.C. §§1408 and 1409(a).

BACKGROUND

2.      The Debtor filed its voluntary petition for relief under Chapter 11 of the United States

Bankruptcy Code on July 1, 2013 (the "Petition Date"). Pursuant to §§1107 and 1108 of the

Bankruptcy Code, the Debtor is continuing to operate and manage its properties, affairs and

assets as a debtor-in-possession. No trustee or examiner has been sought or appointed in

these cases, and no official committee representing any of the unsecured creditors has yet

been appointed.

3.      The Debtor is headquartered in Laredo, Texas. It has 13 employees.

4.      Debtor owns a convenience store/gas station and a automobile lubrication/mechanic shop on

its property.

5.      Debtor has a viable business.  It has proposed  a plan of reorganization.

NUNC PRO TUNC APPLICATION

6.       Debtor's counsel had previously prepared an application to employ Carl M. Barto as

bankruptcy attorney.   The application was prepared on or about June 15, 2013,

contemporaneously with the preparation and filing on the Debtor's Schedules.   Mr. Barto

thought the application to employ had been filed.   Through inadvertence and mistake the

application was not filed.   The case moved on and the omission to file an application for his

own employment became a lost in the activity of the case.

7.      Mr. Barto became aware of the omission when recently informed by the UST's office that

such application had not been filed.

RETENTION OF BANKRUPTCY COUNSEL

8.      The Debtor is advised that the undersigned is admitted to practice before this Court.

9.      The Debtor respectfully submits that it will be necessary to employ and retain counsel pursuant to 11 U.S.C. §327 to serve as their general bankruptcy counsel in these cases and to, *inter alia*:

    a.      advise the Debtor with respect to its rights, duties and powers in these cases;

    b.      assist and advise the Debtor in its consultations relative to the administration of these cases;

    c.      assist the Debtor in analyzing the claims of the creditors and in negotiating with such creditors;

    d.      assist the Debtor in the analysis of and negotiations with any third party concerning matters relating to, among other things, the terms of the plan of reorganization;

    e.      represent the Debtor at all hearings and other proceedings;

    f.      review and analyze all applications, orders, statements of operations, and schedules filed with the Court and advise the Debtor as to its propriety;

    g.      assist the Debtor in preparing pleadings and applications as may be necessary in furtherance of the Debtor's interests and objectives; and

    h.      perform such other legal services as may be required and are deemed to be in the interests of the Debtor in accordance with the Debtor's powers and duties as set forth in the Bankruptcy Code.

10.     Because of the extensive legal services that will be necessary in this case, and the fact that the full nature and extent of such services are not known at this time, the Debtor believes that the employment of the undersigned counsel for all of the Debtor's purposes set forth above would be appropriate and in the best interests of the Debtor.

11.     The Debtor believes that the undersigned counsel possesses extensive knowledge and expertise in the areas of law relevant to this case and that he is well qualified to represent the

Debtor in these proceedings. In selecting its counsel, the Debtor sought counsel with experience in representing parties in chapter 11 cases. The undersigned counsel has such experience.

12.     Under §327(a) of the Bankruptcy Code, the trustee or debtor-in-possession is authorized to employ one or more professional persons that do not hold or represent an interest adverse to the estate and that are "disinterested persons," as that term is defined in §101(14) of the Bankruptcy Code, to represent or assist the debtor-in-possession in carrying out its duties under the Bankruptcy Code. 11 U.S.C. §§101(14) and 327(a). Section 1107(b) of the Bankruptcy Code modifies §§101(14) and 327(a) in cases under chapter 11 of the Bankruptcy Code, providing that a person is not disqualified for employment under §327(a) of the Bankruptcy Code by a debtor-in-possession solely because of such person's employment by or representation of the debtor before the commencement of the case. 11 U.S.C. §1107(b).

13.     To the best of the Debtor's knowledge, and except as disclosed in the attached affidavit, the undersigned counsel does not have any connection with the Debtor, its creditors, or any other party in interest, their respective attorneys or accountants, or the United States Trustee or any person employed by the United States Trustee. As set forth in the affidavit of Carl M. Barto (the "Affidavit") annexed to and incorporated in this Application as Exhibit A, the Applicant does not hold or represent any interest adverse to the Debtor's estates and is a "disinterested person" as that phrase is defined in §101(14) of the Bankruptcy Code, as modified by 1107(b).

14.     The Debtor is informed that the undersigned counsel intends to apply for compensation for

professional services rendered in connection with this chapter 11 case, subject to approval

of this Court and compliance with applicable provisions of the Bankruptcy Code, on an

hourly basis, plus reimbursement of actual, necessary expenses, and other charges incurred

by the undersigned counsel, as more specifically described in the Affidavit.

PRAYER

WHEREFORE, the Debtor, Service Stop, LP,  asks that  this Court enter its order approving

the retention of Carl M. Barto  effective as of July 1, 2013 as bankruptcy counsel for the Debtor in

these proceedings and granting such other and further relief as the Court may deed just and proper.

Respectfully submitted,

Service Stop, LP a Texas Limited Partnership

By:     Stop Managers II, L.L.C., a Texas
        Limited Liability Company, its Sole
        General Partner

BY: /S/ Patricia Jacaman
Patricia Jacaman, its Sole Member

Law Office of Carl M. Barto

/s/ Carl M. Barto

_____

Carl M. Barto , TBN 01852100
Attorney for Debtors
817 Guadalupe
Laredo, Texas 78040
956   725-7500 Telephone
956   722-6739 Facsimile

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was served by ECF or mailed
to the following parties in interest by United States first class mail, postage pre-paid,  this 14th day
of February, 2014.

Barbara C. Jue
Office of United States Trustee
606 N. Carancahua
Corpus Christ, TX 78401

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Commerce Bank
c/o Diann M. Bartek
Cox Smith Matthews, Incorporated
112 East Pecan, Suite 1800
San Antonio, TX 78205

Tax Assessor Collector
City of Laredo
1110 Houston
Laredo, TX 78042-6548

United Independent School District
c/o Alberto Alarcon
1302 Washington
Laredo, TX 78040

Webb County Tax Assessor Collector
PO Box 420128
Laredo, TX  78042-8128

Laredo Community College
c/o George R. Meurer
211 Calle Del Norte, Ste 200
Laredo, TX 78041


 /s/ Carl M Barto
Carl M. Barto

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

IN RE:                              §
                                    §
SERVICE STOP, LP                    §              CASE NUMBER 11-50126-L-11
                                    §
        Debtor.                     §

<u>AFFIDAVIT OF PROPOSED ATTORNEY</u>

STATE OF TEXAS          §
COUNTY OF WEBB          §

        I Carl M. Barto, hereby make solemn oath:

1.      I am an attorney and counselor at law, duly admitted to practice in the State of Texas of  and
        in this court.

2.      I practice as a sole practitioner with my wife, Maria Lilia C. Barto, who is also an attorney
        licensed to practice law by the State of Texas.  I  have been admitted to practice law before
        the United States District Court for the Southern District of Texas since  May 11, 1981. I am
        assisted in my practice by a paralegal, Monica Milera.  I practice law under the name of Law
        Office of Carl M. Barto.  My office for the practice of law is at 817 Guadalupe, Laredo,
        Texas 78040.

3.      Neither I nor my wife have any connection with the Debtor, its creditors, or any other party
        in interest herein, or their respective attorneys or accountants. I am  familiar with the legal
        and financial issues and problems facing the Debtor.

4.      Neither I nor my wife have any  connection with the United States Trustee or any person
        employed in the Office of the United States Trustee.

5.      We  represent no interest adverse to the Debtor, as debtor in possession herein, or its estate
        in the matters upon which I am to be engaged.

                                        /S/ Carl M. Barto
                                        Carl M. .Barto

Subscribed and sworn to before me this 18th day of March,  2011.

                                        /S/
                                        Notary Public for the State of Texas

EXHIBIT 1

CURRENT RATES

Carl M. Barto, attorney       $350.00/hour

Maria Lilia C. Barto, attorney       $350.00/hour

Monica Gerardo, paralegal       $80.00/hour

**EXHIBIT A**

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been provided either via ECF or mailed by United States  first class mail to the twenty largest unsecured creditors and other parties requesting service as listed below on the 14th day of March, 2014.


/s/ Carl M. Barto

_____

Carl M. Barto